UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDRIC CHARLES JORDAN (5), ) | Criminal No. 02-CR-1714-L-5 |
| Petitioner, ) | **ORDER GRANTING MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(C)(2)** |
| v. ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

On October 25, 2011, Petitioner Edric Charles Jordan ("Petitioner"), proceeding *pro se*, filed a motion for relief of sentence pursuant to 18 U.S.C. § 3582(c)(2). Petitioner's motion is based upon the retroactive amendments to the Sentencing Guidelines that pertain to crack cocaine offenses which became effective November 1, 2011. The Government did not file an opposition to the motion. For the reasons set forth below, Petitioner's motion is granted and the term of his incarceration is reduced to 115 months.

**BACKGROUND**

On April 28, 2005, a jury found Petitioner guilty of Conspiracy to Possess with Intent to Distribute Cocaine (Count 1), Possession with Intent to Distribute Cocaine (Counts 2-3), and Possession with Intent to Distribute Cocaine Base (Count 4). Applying the advisory Guidelines in effect at the time of Petitioner's sentencing, Petitioner's base offense level was 30 pursuant to

U.S.S.G. § 2D1.1.[1]  This figure was based on: 1) the 596 grams of cocaine seized from a courier who was arrested en route to a meeting with Petitioner in March 2002;  and 2) the 432 grams of cocaine and 33.6 grams of cocaine base seized from Petitioner's house during his arrest.  The total marijuana equivalent was 877 kilograms.  The Court determined the advisory range was 135-168 months based on an offense level of 30 and a criminal history category of IV.  After considering the factors in 18 U.S.C. § 3553(a), the Court sentenced Petitioner to 151 months of imprisonment.

On August 20, 2008, the Court denied Petitioner's prior §3582 motion based on the 2007 amendments to the Sentencing Guidelines related to crack cocaine.  The Court declined to depart two levels under the 2007 amendment, finding the original 151 month sentence remained appropriate given the nature and circumstances of the offense, the history and characteristics of the petitioner (particularly his history of violent convictions) and the need for the sentence imposed. (Docket No. 551.)

## DISCUSSION

Petitioner now moves for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c), based on Amendment 750 to the Sentencing Guidelines.  Amendment 750 reduces the base offense level for crack cocaine offenses in § 2D1.1(c) of the Sentencing Guidelines, by applying an 18:1 crack-to-powder ratio, instead of a 100:1 ratio.  *See* Amendment 750, Supplement to Appendix C, Amendments to the Guidelines Manual.  The Sentencing Commission has given this amendment retroactive effect and has listed it in § 1B1.10(c) of the Guidelines, a requirement for retroactive amendments.  *See* U.S.S.G. § 1B1.10(c).  Petitioner falls within the purview of this change.

In determining whether a sentence should be modified following amendment of the Guidelines, the Court should consider the term of imprisonment that it would have imposed had the amendment to the Guidelines been in effect at the time the particular defendant was sentenced.  U.S.S.G. § 1B1.10(b).  In addition, the Court must consider the 18 U.S.C. § 3553(a) factors [2] and

---

[1]  The Court rejected a two-level obstruction enhancement based on Petitioner's alleged false statements during the probation interview.

[2]  Section 3553(a) directs a court to consider the following factors in determining the particular sentence to be imposed: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant;  (2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect

the danger to the public created by any reduction in a defendant's sentence.  *Id.* at cmt. n. 1(B).  The Court may also consider the defendant's post-sentencing conduct.  *Id.*

Applying the amended Guidelines, Petitioner's new offense level is 26.  Petitioner remains in a  criminal history category IV.  Therefore, the resulting applicable guideline range is 92-115 months.

The Court previously considered the §3553(a) factors at Petitioner's initial sentencing and again when Petitioner filed his §3582 motion in 2008.  The Court notes that the serious nature of Petitioner's offense conduct, along with the lengthy and violent nature of his criminal history, his drug use, and sporadic employment history, remain legitimate reasons to grant only a minimal reduction.  On the other hand, the Court notes that during his incarceration, Petitioner has sought out further educational and vocational training.  He has obtained his GED, completed a drug treatment program, and completed several courses including a parenting classes and a forklift certification course.

After considering the §3553(a) factors, the danger to the public created by any reduction in Petitioner's sentence, and the information regarding Petitioner's post-sentencing conduct, the Court finds some reduction in Petitioner's sentence is appropriate.  The Court is also influenced by the policy reasons behind the Fair Sentencing Act of 2010, and it's purpose and effect of reducing the disparity between crack and powder cocaine in sentencing.  Therefore, the Court will reduce Petitioners sentence to a term of 115 months.

/ / /

/ / /

/ / /

/ / /

---

for the law, and to provide just punishment for the offense;  (B) to afford adequate deterrence to criminal conduct;  (C) to protect the public from further crimes of the defendant;  and(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;  (3) the kinds of sentences available;  (4) the kinds of sentence and the sentencing range established for: (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines. . . (5) any pertinent policy statement . . .  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;  and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

**CONCLUSION**

Based on all of the above considerations, Petitioner's motion for a reduction in his sentence is GRANTED and the term of his imprisonment is reduced to 115 months. If this sentence is less than the amount of time Petitioner has already served, the sentence shall be reduced to a "time served" sentence.

**IT IS SO ORDERED.**

DATED: January 5, 2012

_____
M. James Lorenz
United States District Court Judge

COPIES TO:

PETITIONER
U.S. ATTORNEY'S OFFICE
U.S. PROBATION